Kristin A. Zilberstein, Esq. (SBN: 200041)
Jennifer R. Bergh, Esq. (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010 ext. 1010
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com

Attorney for Secured Creditor
Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II
Trust Series 2010-1, its successors and/or assignees

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In Re: | CASE NO.: 18-23460 |
| GREGORY ROGER BORGERSON | DC: MRG-1 |
| CHERIE MARQUEZ BORGERSON | CHAPTER 13 |
| Debtor. | **OBJECTION TO CHAPTER 13 PLAN** |
| | Date: 8/7/2018 |
| | Time: 2:00 PM |
| | Dept: 33, 6th Floor |
| | Location: 501 I Street, Sacramento, CA |
| | Judge: Christopher M. Klein |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1, its successors and/or assignees, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by ("Debtors") Gregory Roger Borgerson and Cherie Marquez Norgerson.

Secured Creditor is entitled to receive payments pursuant to a Promissory Note which matures on 10/1/2021 and is secured by a Deed of Trust on the subject property commonly known as 2105 Pimlico Court, Lincoln, CA 95648. As of 6/1/2018, the amount due was $239,245.12 pursuant to the Proof of Claim filed 6/27/2018. See **Exhibit "1"**. As described in the Proof of Claim, it is a total debt claim as the loan matures during the pendency of the bankruptcy case.

## ARGUMENT

Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been set. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

### A. **IMPERMISSIBLY MODIFIES SECURED CREDITOR'S RIGHTS**

Under 11 U.S.C. §1322(b)(2), a Plan that modifies the rights of a creditor whose claim is secured only by a security interest in real property that is debtor's principal residence is impermissible. The proposed Plan does not set forth a reasonable schedule and time period for the payment of the arrearages owed to Secured Creditor. The payoff period and monthly repayment amount proposed by the Debtors exceed a reasonable arrangement in light of Debtors' past non-payment history. Debtors allege in the Plan that arrears are owed to Secured Creditor in the amount of $138,570.00 while in fact the claim is a total debt claim. It should not be in Class 1 of the Plan. Further even without interest factored into the monthly payment, Debtors

would need $3,987.42 per month. Debtors have not provided sufficient funds per month to pay Secured Creditor's claim.  Therefore, the Plan is not feasible.

## B.   THE PLAN IS NOT CONFIRMABLE BECAUSE IT IS SPECULATIVE

Debtors propose to apply for a modification of Secured Creditor's lein.  Secured Creditor objects to this provision as it is too speculative and is not allowed under the Bankruptcy Code and current case law.  Moreover, Secured Creditor has not received an application for a modification.

Secured Creditor objects to this treatment as speculative and prejudicial. Debtors may not premise the cure of Secured Creditor's arrears on a speculative event in the future such as a sale, refinance, or modification. Courts have long held that a plan should be not be confirmed where it is proposing a balloon payment or otherwise is contingent on a speculative event to take place in during the life of the plan. See *In Re Gavia* (9th Cir. BAP 1982) 24 BR 573,574; *In Re Nantz* (BC ED MO 1987) 75 BR 617, 618-619; *In Re Fantasia* (1st Cir. BAP 1997) 211 BR 420,424; *In Re Craig* (BC ND OH 1990) 112 BR 224,225.

First, it is unknown if the Debtosr will be able to modify the loan. When the plan proposes to sell, refinance, or modify real property in the future, the plan proponent has the burden to produce evidence as to, "past marketing efforts, the state of the market for the subject asset, current sale prospects, the existence and maintenance of any 'equity cushion' in the property, and all other circumstances that bear on whether the creditor will see its way out of the case financially whole." *In re Lindsey*, 183 B.R. 624, 627 (Bankr.D.Idaho 1995), quoting *In re Newton*, 161 B.R. 207, 217-18.  It is well established in the Ninth Circuit that an open-ended Chapter 13 Plan providing for the sale, refinancing, or modification of Debtor's property at some point over the term of the plan is un-confirmable, especially where there was no evidence, other than the schedules, as to the fair market value of the property and debtor's income as to whether debtor might qualify for a modification. *In re Proudfoot*, 144 B.R. 876 (9th Cir. B.A.P. 1992); *In re Gavia*, 24 B.R. 573 (9th Cir. B.A.P. 1982).  Even though the Plan does provide a contingency in the event of a modificataion not being approved, an Amended Plan after months of consideration for a modification would make an Amended Plan infeasible because the amount

1   owed ot Secured Creditor will have grown.   This provision puts the feasibility of the entire Plan

2   in question since it is contingent upon a speculative event.  Therefore, the Plan is not feasible.

3       **C.  THE PLAN IS NOT FEASIBLE – DEBTOR DOES NOT HAVE SUFFICIENT**

4           **INCOME**

5           Pursuant to Schedules I and J, Debtors have sufficient net income for the proposed

6   plan.  However, Debtors do not have sufficient net income if Secured Creditor is treated in the

7   correct class.  Moreover, it is unknown if Debtors have sufficient income if either or both

8   modifications are approved.  The payments may be greater than the proposed adequate

9   protection payments.  In addition, the modifications may not be approved.  Thus, Debtor does

10  not have sufficient net income for a Chapter 13 Plan, and the Plan cannot be confirmed.

11                                  **CONCLUSION**

12          Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the

13  Objections specified above in order to be reasonable and to comply with applicable provisions

14  of the Bankruptcy Code.  Secured Creditor respectfully requests that confirmation of the Chapter

15  13 Plan as proposed by the Debtor be denied.

16          WHEREFORE, Secured Creditor prays as follows:

17      1.      That confirmation of the Proposed Chapter 13 Plan be denied,

18      2.      For attorneys' fees and costs herein, and

19      3.      For such other relief as this Court deems proper.

20

21  Dated: July 5, 2018                   LAW OFFICES OF MICHELLE GHIDOTTI

22

23                                        /s/ Kristin A. Zilberstein
                                          Kristin A. Zilberstein, Esq.
24                                        Counsel for Deutsche Bank National Trust
25                                        Company, as certificate trustee on behalf of
                                          Bosco Credit II Trust Series 2010-1, its
26                                        successors and/or assignees

27

28

# EXHIBIT "1"

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Gregory Roger Borgerson |
| Debtor 2 (Spouse, if filing) | Cherie Marquez Borgerson |
| United States Bankruptcy Court for the: | Eastern District of California |
| Case number | 18-23460 |

## Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

Deutsche Bank National Trust Company, as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Franklin Credit Management Corporation
Name

PO Box 2301
Number       Street

Jersey City          NJ          07303-2301
City          State          ZIP Code

Contact phone 800-255-5897

Contact email bk.info@franklincredit.com

**Where should payments to the creditor be sent?** (if different)

Franklin Credit Management Corporation
Name

PO Box 829629
Number       Street

Philadelphia          PA          19182-9629
City          State          ZIP Code

Contact phone 800-255-5897

Contact email bk.info@franklincredit.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____       Filed on _____
                                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __5__ __3__ __7__ __8__

**7. How much is the claim?**  $_____239,245.12_. **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

    **Nature of property:**

    ☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

    ☐ Motor vehicle

    ☐ Other. Describe:    2105 Pimlico Court, Lincoln, CA 95648

    **Basis for perfection:**    Recorded Deed of Trust

    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:**                 $_____

    **Amount of the claim that is secured:**    $_____239,245.12

    **Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:**    $_____239,245.12

    **Annual Interest Rate** (when case was filed) 11.375 %

    ☑ Fixed

    ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

Official Form 410          **Proof of Claim**         

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    06/26/2018
                     MM / DD / YYYY

/s/ Kristin A. Zilberstein
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | Kristin A. Zilberstein, Esq. |
| | First name    Middle name    Last name |
| Title | Authorized Agent for Creditor |
| Company | The Law Offices of Michelle Ghidotti |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 1920 Old Tustin Ave. |
| | Number    Street |
| | Santa Ana    CA    92705 |
| | City    State    ZIP Code |
| Contact phone | 949-427-2010    Email    kzilberstein@ghidottilaw.com |

## Mortgage Proof of Claim Attachment

(12/15)

If you claim a secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions

| Part 1: Mortgage and Case Information | Part 2: Total Debt Calculation | | Part 3: Arrearages as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|
| Case number: 18-23460 | Principal balance: | $104,521.60 | Principal & interest due: | $237,286.12 | Principal & interest: | **Full Balance Claim** |
| Debtor 1: Gregory Roger Borgerson | Interest due: | $132,764.52 | Prepetition fees due: | $1,959.00 | Monthly escrow: | |
| Debtor 2: Cherie Marquez Borgerson | Fees, costs due: | $1,959.00 | Escrow deficiency for funds | | Private mortgage | |
| Last 4 digits to Identify: 5378 | Escrow deficiency for | | advanced: | $0.00 | insurance: | |
| Creditor: Deutsche Bank National Trust Company, as ... | funds advanced: | $0.00 | Projected escrow shortage: | $0.00 | Total monthly | |
| Servicer: Franklin Credit Management Corporation | Less total funds on hand: | $0.00 | Less funds on hand: | $0.00 | payment: | $0.00 |
| | Total Debt: | $239,245.12 | Total prepetition arrearage: | $239,245.12 | | |
| Fixed accrual/daily simple interest/other: Fixed accrual | | | | | | |

### Part 5: Loan Payment History from First Date of Default

| | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **A.** Date | **B.** Contractual Payment Amount | **C.** Funds Received | **D.** Amount Incurred | **E.** Description | **F.** Contractual Due Date | **G.** Prin, int & Esc past due balance | **H.** Amount to principal | **I.** Amount to Interest | **J.** Amount to escrow | **K.** Amount to fees or charges | **L.** Unapplied funds | **M.** Principal balance | **N.** Accrued interest balance | **O.** Escrow balance | **P.** Fees/ Charges balance | **Q.** Unapplied funds balance |
| 2/1/09 | | | | Late Charge Balance | | | | | | | | $104,557.67 | | | $118.15 | |
| 2/17/09 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $123.15 | |
| 3/17/09 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $128.15 | |
| 4/17/09 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $133.15 | |
| 5/18/09 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $138.15 | |
| 6/17/09 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $143.15 | |
| 7/17/09 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $148.15 | |
| 8/18/09 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $153.15 | |
| 9/17/09 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $158.15 | |
| 10/17/09 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $163.15 | |
| 11/17/09 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $168.15 | |
| 12/17/09 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $173.15 | |
| 1/18/10 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $178.15 | |
| 2/17/10 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $183.15 | |
| 3/17/10 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $188.15 | |
| 4/17/10 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $193.15 | |
| 5/17/10 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $198.15 | |
| 6/17/10 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $203.15 | |
| 7/17/10 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $208.15 | |
| 8/17/10 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $213.15 | |
| 9/17/10 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $218.15 | |
| 10/17/10 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $223.15 | |
| 11/17/10 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $228.15 | |
| 12/17/10 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $233.15 | |
| 1/17/11 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $238.15 | |
| 2/17/11 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $243.15 | |
| 3/17/11 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $248.15 | |
| 4/17/11 | | | $5.00 | Late Charge | | | | | | | | $104,557.67 | | | $253.15 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/17/11 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $258.15 | |
| 6/17/11 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $263.15 | |
| 7/17/11 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $268.15 | |
| 8/17/11 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $273.15 | |
| 9/17/11 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $278.15 | |
| 10/17/11 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $283.15 | |
| 11/17/11 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $288.15 | |
| 12/17/11 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $293.15 | |
| 1/17/12 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $298.15 | |
| 2/17/12 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $303.15 | |
| 4/9/12 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $308.15 | |
| 4/18/12 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $313.15 | |
| 5/18/12 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $318.15 | |
| 6/19/12 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $323.15 | |
| 7/18/12 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $328.15 | |
| 8/20/12 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $333.15 | |
| 9/18/12 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $338.15 | |
| 10/18/12 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $343.15 | |
| 11/20/12 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $348.15 | |
| 12/18/12 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $353.15 | |
| 1/18/13 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $358.15 | |
| 2/19/13 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $363.15 | |
| 3/19/13 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $368.15 | |
| 4/18/13 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $373.15 | |
| 5/20/13 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $378.15 | |
| 6/18/13 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $383.15 | |
| 7/18/13 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $388.15 | |
| 8/20/13 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $393.15 | |
| 9/18/13 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $398.15 | |
| 10/18/13 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $403.15 | |
| 11/19/13 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $408.15 | |
| 12/18/13 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $413.15 | |
| 1/20/14 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $418.15 | |
| 2/18/14 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $423.15 | |
| 3/18/14 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $428.15 | |
| 4/18/14 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $433.15 | |
| 5/20/14 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $438.15 | |
| 6/18/14 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $443.15 | |
| 7/18/14 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $448.15 | |
| 8/19/14 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $453.15 | |
| 9/18/14 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $458.15 | |
| 10/20/14 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $463.15 | |
| 11/18/14 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $468.15 | |
| 12/18/14 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $473.15 | |
| 1/20/15 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $478.15 | |
| 2/18/15 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $483.15 | |
| 3/18/15 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $488.15 | |
| 4/20/15 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $493.15 | |
| 5/19/15 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $498.15 | |
| 6/18/15 | | $5.00 Late Charge | | | | | | | $104,557.67 | | $503.15 | |

| Date | | Charge | Description | | | | | | Principal | | | Fees | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/20/15 | | $5.00 | Late Charge | | | | | | $104,557.67 | | | $508.15 | |
| 8/18/15 | | $5.00 | Late Charge | | | | | | $104,557.67 | | | $513.15 | |
| 9/18/15 | | $5.00 | Late Charge | | | | | | $104,557.67 | | | $518.15 | |
| 10/20/15 | | $5.00 | Late Charge | | | | | | $104,557.67 | | | $523.15 | |
| 11/18/15 | | $5.00 | Late Charge | | | | | | $104,557.67 | | | $528.15 | |
| 12/18/15 | | $5.00 | Late Charge | | | | | | $104,557.67 | | | $533.15 | |
| 1/19/16 | | $5.00 | Late Charge | | | | | | $104,557.67 | | | $538.15 | |
| 2/18/16 | | $5.00 | Late Charge | | | | | | $104,557.67 | | | $543.15 | |
| 3/18/16 | | $5.00 | Late Charge | | | | | | $104,557.67 | | | $548.15 | |
| 4/19/16 | | $5.00 | Late Charge | | | | | | $104,557.67 | | | $553.15 | |
| 5/18/16 | | $5.00 | Late Charge | | | | | | $104,557.67 | | | $558.15 | |
| 6/20/16 | | $5.00 | Late Charge | | | | | | $104,557.67 | | | $563.15 | |
| 7/19/16 | | $5.00 | Late Charge | | | | | | $104,557.67 | | | $568.15 | |
| 7/29/16 | | $200.00 | BK Admin Fee | | | | | | $104,557.67 | | | $768.15 | |
| 7/29/16 | | $200.00 | BK Admin Fee | | | | | | $104,557.67 | | | $968.15 | |
| 8/18/16 | | $5.00 | Late Charge | | | | | | $104,557.67 | | | $973.15 | |
| 9/14/16 | $350.00 | | Pmt Received | | | | | | $104,557.67 | | | | $350.00 |
| 9/20/16 | | $5.00 | Late Charge | | | | | | $104,557.67 | | | $978.15 | |
| 10/13/16 | $350.00 | | Pmt Received | | | | | | $104,557.67 | | | | $700.00 |
| 10/18/16 | | $5.00 | Late Charge | | | | | | $104,557.67 | | | $983.15 | |
| 10/18/16 | | $613.20 | BK Atty Fees | | | | | | $104,557.67 | | | $1,596.35 | |
| 11/8/16 | $350.00 | | Pmt Received | | | | | | $104,557.67 | | | | $1,050.00 |
| 11/9/16 | | | Pmt from Susp. | | | $36.07 | $991.12 | | $104,521.60 | | | | $22.81 |
| 11/18/16 | | $106.90 | BK Admin Fee | | | | | | $104,521.60 | | | $1,703.25 | |
| 12/20/16 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $1,708.25 | |
| 1/11/17 | $350.00 | | Pmt Received | | | | | | $104,521.60 | | | | $372.81 |
| 1/18/17 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $1,713.25 | |
| 1/23/17 | | $538.56 | BK Atty Fees | | | | | | $104,521.60 | | | $2,251.81 | |
| 2/20/17 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $2,256.81 | |
| 3/20/17 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $2,261.81 | |
| 4/18/17 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $2,266.81 | |
| 5/18/17 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $2,271.81 | |
| 6/20/17 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $2,276.81 | |
| 7/18/17 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $2,281.81 | |
| 8/18/17 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $2,286.81 | |
| 9/19/17 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $2,291.81 | |
| 10/18/17 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $2,296.81 | |
| 11/20/17 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $2,301.81 | |
| 12/19/17 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $2,306.81 | |
| 1/18/18 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $2,311.81 | |
| 2/20/18 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $2,316.81 | |
| 3/20/18 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $2,321.81 | |
| 4/18/18 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $2,326.81 | |
| 5/18/18 | | $5.00 | Late Charge | | | | | | $104,521.60 | | | $2,331.81 | |
| 6/5/18 | | | Pmt from Susp. | | | | $372.81 | | $104,521.60 | | | $1,959.00 | $0.00 |

## NOTE

### WITH BALLOON PAYMENT

September 6, 2006                                                                 ROSEVILLE , California
*Date*                                                                                                *City*

2105 Pimlico Court, Lincoln, CA 95648

*Property Address*

**THIS LOAN IS PAYABLE IN FULL AT MATURITY. SINCE YOU HAVE SELECTED A PAYMENT SCHEDULE WHICH WILL NOT PAY THE LOAN IN FULL BY THE MATURITY DATE, YOU WILL NEED TO PAY A LUMP SUM, OR BALLOON PAYMENT, WHICH WILL PAY OFF THE ENTIRE AMOUNT OF THE PRINCIPAL BALANCE OF THE LOAN AND ANY UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL THEREFORE BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.**

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $          104,733.00          (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is

DHI MORTGAGE COMPANY, LTD., L.P.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

**2. INTEREST**

I will pay interest at a yearly rate of          11.375          %.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

**3. PAYMENTS**

I will pay principal and interest by making payments each month of U.S. $          1,027.19

I will make my payments on the first day of each month beginning on          November 1, 2006          .  I   will   make   these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on          October 1, 2021          , I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at:   P.O. Box 911209, Dallas, TX 75391-1209

or at a different place if required by the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any of my monthly payments by the end of   fifteen   calendar days after the date it is due, I will promptly pay a late charge to the Note Holder. The amount of the charge will be   5.000   % of my overdue payment, but not less than U.S. $          51.36          , and not more than U.S. $          51.36          . I will pay this late charge only once on any late payment.

**(B) Notice from Note Holder**

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

**(C) Default**

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**5. THIS NOTE SECURED BY A DEED OF TRUST**

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated the same day as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

REDACTED

| CALIFORNIA - SECOND MORTGAGE |
| --- |

FE-4114 (CA)   (0210)
F4111CA1.UFF (1/7/2004)

Initials: 



Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrowers is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

### 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

### 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

### 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

### 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

**NOTICE TO BORROWER**
Do not sign this Note if it contains blank spaces.
All spaces should be completed before you sign.

_____ (Seal)        _____ (Seal)
Gregory Borgerson    -Borrower-        Cherie Borgerson    -Borrower-

_____ (Seal)        _____ (Seal)
                     -Borrower-                             -Borrower-

_____ (Seal)        _____ (Seal)
                     -Borrower-                             -Borrower-

PAY TO THE ~~Deutsche Bank National Trust Company,
as Certicate Trustee on behalf of
BOSCO Credit II Trust Series 2010-1~~

WITHOUT RECOURSE
DHI MORTGAGE COMPANY, LTD., L.P.
BY: DHI MORTGAGE COMPANY GP, INC.
ITS GENERAL PARTNER

DENISE THILL, ASSISTANT SECRETARY

_____ (Seal)        _____ (Seal)
                     -Borrower-                             -Borrower-

*(Sign Original Only)*
REDACTED

FE-4114 (CA)   (0210)                 Page 2 of 2
F4111CA2.UFF  (1/7/2004)



# PREPAYMENT PENALTY NOTE ADDENDUM

THIS ADDENDUM TO NOTE (the "Note Addendum") is made this    6th    day of September, 2006 and is incorporated into and shall be deemed to amend and supplement the Note made by the undersigned (the "Borrower") payable to DHI MORTGAGE COMPANY, LTD., L.P.

(the "Lender") and dated as of even date herewith (the "Note"). I understand that the Lender may transfer the Note, the related security instrument (the "Security Instrument") and this Note Addendum. The Lender or anyone who takes the Note, the Security Instrument, and this Note Addendum by transfer who is entitled to receive payments under the Note is called the "Note Holder."

In consideration of the Lender's agreement to provide the loan evidenced by the Note and as a material inducement to the Lender to grant such loan and the terms set forth in the Note, the undersigned agree that the following provision shall be effective, and that the Note shall contain and be subject to the following provision, notwithstanding any provision to the contrary contained in the Note, the security instrument securing the Note, or other loan document:

**PREPAYMENT PENALTY:**
I/We have the right to make payments of principal at any time before they are due. The payment of principal only is known as a "prepayment". When I/We make a prepayment, I/We will tell the Note Holder in writing that I/We am/are doing so. If, within the first 24 months following the date of the Note and the Security Instrument I/We make a full prepayment or partial prepayment(s), I/We will at the same time pay to the Note Holder a prepayment charge. The prepayment charge will be equal to 6 months advance interest on the amount of any prepayment that when added to all other amounts prepaid during the twelve (12) month period preceding the date of any prepayment, exceeds twenty percent (20%) of the original principal amount of the Note.

The Note Holder will use all of my Prepayments to reduce the amount of Principal that I owe under this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. [If this Note provides for an adjustable interest rate, my partial Prepayment may reduce the amount of my monthly payments after the Payment Change Date if my partial Prepayment occurs prior to the Payment Change Date. However, any reduction in the amount of my monthly payment due to my partial Prepayment may be offset by an interest rate increase.]

Any foregoing provision to the contrary notwithstanding, such prepayment penalty shall not exceed in amount, and the right to charge such prepayment penalty shall not remain in effect contrary to or beyond, any limitations imposed by applicable law.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note Addendum.

_____    9-6-06         _____    9-6-06
Gregory Borgerson         Date              Cherie Borgerson          Date

_____                  _____
                          Date                                        Date

_____                  _____
                          Date                                        Date

_____                  _____
                          Date                                        Date

_____                  _____
                          Date                                        Date

99PPaddm.uff 2/23/05

RECORDING REQUESTED BY

FIRST AMERICAN TITLE COMPANY

REDACTED

Recording Requested By:
DHI Mortgage Company
Post Closing Department
Return To:
DHI Mortgage Company
Post Closing Department
12357 Riata Trace Pkwy, Suite C150
Austin. TX 78727
REDACTED
Prepared By:
REDACTED



PLACER, County Recorder
JIM MCCAULEY
DOC- 2006-0096504
Acct 1—FIRST AMERICAN TITLE
Friday, SEP 08, 2006 15:20:15
MIC   $9.00 AUT  $12.00 SBS   $9.00
REC  $18.00
Ttl Pd   $48.00      Nbr-0001538028
                     rec/BJ/3-10

REDACTED

REDACTED

# DEED OF TRUST AND REQUEST FOR NOTICE OF DEFAULT

MIN REDACTED

THIS DEED OF TRUST is made this 6th        day of September. 2006          , among the Trustor,
Gregory  Borgerson and
Cherie  Borgerson. husband and wife
as community property with right of survivorship



whose address is 2105 Pimlico Court
Lincoln, CA 95648                                              (herein "Borrower"),
First American Title Co Roseville
                                            (herein "Trustee"), and the Beneficiary,
Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's
successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number
of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. DHI MORTGAGE COMPANY, LTD.. L.P.

                                                                ("Lender") is organized and
existing under the laws of Texas                              , and has an address of
12357 Riata Trace Pkwy, Suite C150
BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and
conveys to Trustee, in trust, with power of sale, the following described property located in the County of Placer
                              , State of California:
LOT 391 AS SHOWN ON THE PLAT OF "TWELVE BRIDGES VILLAGE9. UNIT 3." FILED FOR RECORD
DECEMBER 1, 2005. IN BOOK AA OF MAPS, PAGE 74. PLACER COUNTY RECORDS. APN:
335-010-010-000 (AFFECTS THIS AND OTHER PROPERTY)

Parcel ID Number:                                              which has the address of
2105 Pimlico Court                                                        [Street]
Lincoln           [City]. California 95648      [ZIP Code] (herein "Property Address");
                                                              REDACTED

CALIFORNIA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS
VMP-76N(CA) (0510)         Form 3805
Page 1 of 7                Amended 9/99
                           Initials: 
VMP Mortgage Solutions, Inc. (800)521-7291

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Deed of Trust.

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated September 6, 2006 and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $104,733.00          , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on October 1, 2021          ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

REDACTED

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not require payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has a priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict

REDACTED

VMP ®-76N(CA) (0510)    Page 3 of 7    Initials: ___    Form 3805

shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender, prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.**

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees;

REDACTED

and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

**21. Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. The procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**22. Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924b of the Civil Code of California.

**23. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

---

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

---

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded *Concurrently herewith*, in Book , Page , records of Placer County, or filed for record with recorder's serial number , Placer County, California, executed by *Gregory Borgerson and Cherie Borgerson*

as trustor (or mortgagor) in which *MERS* is named

as beneficiary (or mortgagee) and *First American Title Co.*

as trustee

be mailed to DHI MORTGAGE COMPANY, LTD., L.P.
at 12357 Riata Trace Pkwy, Suite C150
Austin, TX 78727

REDACTED

-76N(CA) (0510)                    Page 5 of 7

Initials:                    Form 3805

NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

_____
                                    Lender Representative

Denise D Thill

**State of California**
**County of** Travis
On September 6, 2006                , before me

Denise D Thill

                                                        , personally appeared
                                                  , personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

      WITNESS my hand and official seal.

_____
                                       Notary Public


      IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____ (Seal)      _____ (Seal)
Gregory Borgerson          -Borrower           Cherie Borgerson          -Borrower

_____ (Seal)      _____ (Seal)
                           -Borrower                                     -Borrower

_____ (Seal)      _____ (Seal)
                           -Borrower                                     -Borrower

_____ (Seal)      _____ (Seal)
                           -Borrower                                     -Borrower

                                              *[Sign Original Only]*

                                              REDACTED
VMP®-76N(CA) (0510)          Page 6 of 7       Form 3805

**State of California**
County of Placer

On September 6, 2006 , before me CAROLYN Russell, Notary Public , personally appeared

Gregory Borgerson & Cherie Borgerson

, personally known to me

(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

CAROLYN RUSSELL
Comm. # 1394806
NOTARY PUBLIC - CALIFORNIA
Sacramento County
My Comm. Expires Jan. 24, 2007

REDACTED

REDACTED

**LEGAL DESCRIPTION**

Real property in the City of Lincoln, County of Placer, State of California, described as follows:

LOT 391 AS SHOWN ON THE PLAT OF "TWELVE BRIDGES VILLAGE 9, UNIT 3," FILED FOR
RECORD DECEMBER 1, 2005, IN BOOK AA OF MAPS, PAGE 74, PLACER COUNTY RECORDS.

APN: 335-120-040-000

*First American Title*

# PREPAYMENT PENALTY OPTION RIDER

This Prepayment Rider is made this    6th    day of    September, 2006      and is incorporated and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed of the same date (the "Security Instrument") given by the undersigned (the "Borrower") to secure Borrower's Note (the "Note") to DHI MORTGAGE COMPANY, LTD., L.P.
(the "Lender") of the same date and covering the property described in the Security Instrument and located at 2105 Pimlico Court, Lincoln, CA 95648

(the                "Property").

[Property Address]

Additional Covenants. In addition to the covenants and agreements made in the Note, Borrower further covenants and agrees as follows:

I.Waiver Of Prepayment Right
Notwithstanding any provision contained in the Note to the contrary, Borrower expressly waives any right to prepay the Loan in whole or in part during the Prepayment Premium Period, as defined below except as expressly provided in this Rider.

II.Conditions For Prepayment: Prepayment Premium
I/We have the right to make payments of principal at any time before they are due. The payment of principal only is known as a "prepayment". When I/We make a prepayment, I/We will tell the Note Holder in writing that I/We am/are doing so. If, within the first 24 months following the date of the Note and the Security Instrument I/We make a full prepayment or partial prepayment(s), I/We will at the same time pay to the Note Holder a prepayment charge. The prepayment charge will be equal to 6 months advance interest on the amount of any prepayment that when added to all other amounts prepaid during the twelve (12) month period preceding the date of any prepayment, exceeds twenty percent (20%) of the original principal amount of the Note.

III. OTHER UNSCHEDULED REDUCTIONS OF PRINCIPAL
For purposes of determining whether Borrower is making a qualified prepayment, Lender may consider any unscheduled reduction in the principal balance of the Loan during the Prepayment Premium Period to be a prepayment and, therefore, subject to the payment of a Prepayment Premium in accordance with the provisions of Section II above. An unscheduled reduction in the principal balance of the Loan may include or result from, without limitation, any or all of the following:
  a.    Any acceleration by Lender of the unpaid principal balance of the Note pursuant to the acceleration provisions contained in the Note and/or the Instrument, upon default by Borrower Notwithstanding the foregoing Lender shall not assess a Prepayment Premium in connection with the enforcement of Lender's right to accelerate the Loan upon the sale of the Property.
  b.    Any satisfaction or release of the Instrument by foreclosure (whether by power of sale or by judicial proceeding) deed in lieu of foreclosure, or any other means.

REDACTED

Notwithstanding the foregoing, no Prepayment Premium shall be due with respect to any prepayment or other unscheduled reduction in the principal balance of the Loan resulting from the exercise of Lenders option to apply insurance proceeds or condemnation awards to the unpaid principal balance of the Loan pursuant to the terms of the Instrument. In addition, if this Loan is sold to the Federal National Mortgage Association ("FNMA") or the Federal Home Loan Mortgage Corporation ("FHLMC"), no Prepayment Premium shall be due with respect to any prepayment or other unscheduled reduction in the principal balance of the Loan which occurs during the period of FNMA's or FHLMC's ownership of this Loan. Please sign your name exactly as it appears below:

_____ (Seal)          _____ (Seal)
Gregory Borgerson                -Borrower-          Cherie Borgerson                -Borrower-

_____ (Seal)          _____ (Seal)
                                 -Borrower-                                          -Borrower-

_____ (Seal)          _____ (Seal)
                                 -Borrower-                                          -Borrower-

_____ (Seal)          _____ (Seal)
                                 -Borrower-                                          -Borrower-

_____ (Seal)          _____ (Seal)
                                 -Borrower-                                          -Borrower-

*[Sign Original Only]*

REDACTED

99PPRDR2.UFF 3/05                    Page 2 of 2



PLACER, County Recorder
RYAN RONCO
DOC- 2016-0067475-00
5219
TUESDAY, AUG 16, 2016 12:51:45
MIC    $3.00 | AUT      $1.00 | SBS      $0.00
ERD    $1.00 | RED      $1.00 | REC      $9.00
ADD    $0.00

Ttl Pd    $15.00    Rcpt # 02536353
                              CLK98DX282/TN/1-1

Recording Requested by:
M. E. Wileman

PLEASE FORWARD RECORDED
DOCUMENT TO AND PREPARED BY:
M. E. Wileman
2860 Exchange Blvd. # 100
Southlake, TX 76092

## Assignment of Deed of Trust

Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR DHI MORTGAGE COMPANY, LTD, L.P. ITS SUCCESSORS AND ASSIGNS P.O. Box 2026, Flint, MI 48501-2026 (Assignor)** by these presents does assign and set over, without recourse, to **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO CREDIT II TRUST SERIES 2010-1 1761 East St. Andrews Place, Santa Ana, CA 92705 (Assignee)** the described deed of trust with all interest, all liens, any rights due or to become due thereon, executed by **GREGORY BORGERSON AND CHERIE BORGERSON, HUSBAND AND WIFE AS COMMUNITY PROPERTY WITH RIGHT OF SURVIVORSHIP** to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (MERS) AS NOMINEE FOR DHI MORTGAGE COMPANY, LTD, L.P. ITS SUCCESSORS AND ASSIGNS. Trustee: FIRST AMERICAN TITLE CO ROSEVILLE  Said deed of trust Dated: 9/6/2006 is recorded in the State of CA, County of Placer on 9/8/2006, Instrument no. 2006-0096504      Property Address: 2105 PIMLICO COURT, LINCOLN, CA 95648

IN WITNESS WHEREOF, the undersigned corporation/trust has caused this instrument to be executed as a sealed instrument by its proper officer.  Executed on:  August 8, 2016
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR DHI MORTGAGE COMPANY, LTD, L.P. ITS SUCCESSORS AND ASSIGNS

REDACTED

By:

Charles Robert Hall, Assistant Secretary

State of Texas
County of Tarrant
    Before me, Tanya Zommer, Notary Public, personally appeared, Charles Robert Hall, Assistant Secretary known to me to be the person(s) whose name(s) is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.
Given under my hand and seal of office on 08/08/2016.

TANYA ZOMMER
Notary Public, State of Texas
My Commission Expires
June 02, 2019

Notary public, Tanya Zommer
My commission expires: June 2, 2019

REDACTED

CA  Placer                          FCMC/DOCMGMT/RUSH

1  Michelle R. Ghidotti-Gonsalves, Esq. (SBN 232837)
2  Kristin A. Zilberstein (SBN 200041)
   Jennifer R. Bergh, Esq. (SBN 305219)
3  LAW OFFICES OF MICHELLE GHIDOTTI
   1920 Old Tustin Ave.
4  Santa Ana, CA 92705
   Ph:  (949) 427-2010
5  Fax: (949) 427-2732
6  mghidotti@ghidottilaw.com

7  Attorney for Creditor
   Deutsche Bank National Trust Company, as Certificate
8  Trustee on Behalf of Bosco Credit II Trust Series 2010-1

9

10              UNITED STATES BANKRUPTCY COURT

11       EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

12
   In Re:                              )   CASE NO.:  18-23460
13                                      )
   Gregory Roger Borgerson and Cherie Marquez  )   CHAPTER 13
14  Borgerson,                          )
                                        )   **CERTIFICATE OF SERVICE**
15       Debtors.                       )
16                                      )
                                        )
17                                      )
                                        )
18                                      )
                                        )
19                                      )
                                        )
20  _____)

21

22              **CERTIFICATE OF SERVICE**

23
       I am employed in the County of Orange, State of California.  I am over the age of
24
   eighteen and not a party to the within action.  My business address is: 1920 Old Tustin Ave.,
25
   Santa Ana, CA 92705.
26
       I am readily familiar with the business's practice for collection and processing of
27
28  correspondence for mailing with the United States Postal Service; such correspondence would

                              1
              CERTIFICATE OF SERVICE

be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On June 27, 2018 I served the following documents described as:

- **PROOF OF CLAIM**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Gregory Roger Borgerson<br>2105 Pimlico Ct<br>Lincoln, CA 95648 | **Chapter 13 Trustee**<br>David Cusick<br>PO Box 1858<br>Sacramento, CA 95812-1858 |
|---|---|
| **Joint Debtor**<br>Cherie Marquez Borgerson<br>2105 Pimlico Ct<br>Lincoln, CA 95648 | **U.S. Trustee**<br>Office of the U.S. Trustee<br>Robert T Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| **Debtor's Counsel**<br>D. Randall Ensminger<br>570 5th Street<br>Lincoln, CA 95648 | |

_xx_ (By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____ Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx_ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 27, 2018 at Santa Ana, California

_/s / Jeremy Romero_
Jeremy Romero

CERTIFICATE OF SERVICE

1    Kristin Zilberstein, Esq. (SBN: 200041)
2    Jennifer Bergh, Esq. (SBN: 305219)
     Michelle R. Ghidotti-Gonsalves, Esq. (SBN 232837)
3    LAW OFFICES OF MICHELLE GHIDOTTI
     1920 Old Tustin Ave.
4    Santa Ana, CA 92705
     Ph:  (949) 427-2010
5    Fax: (949) 427-2732
6    kzilberstein@ghidottilaw.com

7    Attorney for Creditor
     Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II
8    Trust Series 2010-1, its successors and/or assignees

9                    UNITED STATES BANKRUPTCY COURT

10         EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

11

12   In Re:                                    )   CASE NO.:  18-23460
                                               )
13   Gregory Roger Borgerson and Cherie Marquez )   CHAPTER 13
     Borgerson ,                               )
14                                             )   **CERTIFICATE OF SERVICE**
                                               )
15        Debtors.                             )
                                               )
16                                             )
                                               )
17                                             )
                                               )
18                                             )
                                               )
19                                             )
                                               )
20   _____

21                    **CERTIFICATE OF SERVICE**

22

23       I am employed in the County of Orange, State of California.  I am over the age of

24   eighteen and not a party to the within action.  My business address is: 1920 Old Tustin

25   Avenue, Santa Ana, CA 92705.

26       I am readily familiar with the business's practice for collection and processing of

27

28   correspondence for mailing with the United States Postal Service; such correspondence would

                                        1

be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On July 5, 2018 I served the following documents described as:

- **OBJECTION TO CHAPTER 13 PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor** | **Trustee** |
|---|---|
| Gregory Roger Borgerson | David Cusick |
| 2105 Pimlico Ct | PO Box 1858 |
| Lincoln, CA 95648 | Sacramento, CA 95812-1858 |
| | |
| **Joint Debtor** | **U.S. Trustee** |
| Cherie Marquez Borgerson | Office of the U.S. Trustee |
| 2105 Pimlico Ct | Robert T Matsui United States Courthouse |
| Lincoln, CA 95648 | 501 I Street, Room 7-500 |
| | Sacramento, CA 95814 |
| **Debtor's Counsel** | |
| D. Randall Ensminger | |
| 570 5th Street | |
| Lincoln, CA 95648 | |

_xx___(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx_(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 5, 2018 at Santa Ana, California

*/s / Krystle Miller*
Krystle Miller

2

CERTIFICATE OF SERVICE